# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE PARENTAL RIGHTS AS TO M.S.M., A MINOR CHILD.

_____

JOSHUA M.,
Appellant,
vs.
CARRIE S.,
Respondent.

No. 70850

**FILED**

FEB 1 6 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order terminating appellant's parental rights as to his minor child. Third Judicial District Court, Lyon County; Leon Aberasturi, Judge.

To terminate parental rights, the district court must find clear and convincing evidence that (1) at least one ground of parental fault exists, and (2) termination is in the child's best interest. NRS 128.105(1); *In re Termination of Parental Rights as to N.J.*, 116 Nev. 790, 800-01, 8 P.3d 126, 132-33 (2000). Evidence of parental fault may include abandonment, parental unfitness, failure of parental adjustment, a risk of serious physical or emotional injury to the child if the child is returned to the parent, and demonstration of only token efforts. NRS 128.105(1)(b). On appeal, this court reviews questions of law de novo and the district court's factual findings for substantial evidence. *In re Parental Rights as to A.L.*, 130 Nev., Adv. Op. 91, 337 P.3d 758, 761 (2014).

Appellant first challenges the district court's findings of parental fault. Appellant argues that his lack of contact with the child

17-05664

was due to respondent's concentrated efforts to withhold such contact, that his failure to provide child support resulted from his financial inability to do so, and that his acts of domestic violence were committed against respondent and not the child. Having reviewed the record, we conclude that substantial evidence supports the district court's finding that appellant was an unfit parent. *See* NRS 128.105(1)(b)(3). In particular, the district court found to be credible evidence of appellant's acts of domestic violence against respondent. *See In re Parental Rights as to N.J.*, 125 Nev. 835, 845, 221 P.3d 1255, 1262 (2009) (providing that evidence of parental unfitness may include domestic violence and an overall inability to provide for the child's well-being). Additionally, because of appellant's domestic violence history and lack of contact with the child, the parties' divorce decree required appellant to engage in counseling before establishing a visitation plan, but appellant never followed through. Although the record contains evidence that respondent denied appellant contact with the child, in doing so, respondent directed appellant to follow the mandate of the divorce decree. As for appellant's failure to support the child, the district court weighed the testimony and found that appellant was willfully unemployed and had not demonstrated an ability to provide housing or support for the child. *See* NRS 128.018 (defining an unfit parent as one who fails to provide the child with proper care, guidance and support); *In re Parental Rights as to J.D.N.*, 128 Nev. 462, 477, 283 P.3d 842, 852 (2012) (providing that the appellate court will not substitute its judgment for that of the district judge, who is in the better position to

weigh the credibility of the witnesses). Therefore, we conclude that substantial evidence supports a finding of appellant's parental fault.[1]

Appellant also contends that the district court's finding that termination of his parental rights was in the child's best interest was not supported by the evidence because the district court focused on appellant's past failures rather than the relationship he could establish with the child going forward, and because respondent failed to present proof that her illness was terminal or evidence of a particular family willing to adopt the child after her death. Contrary to appellant's argument, however, the district court expressly stated that respondent's illness and any prospective adoptive home were not compelling reasons to grant termination of parental rights. Rather, the district court relied on appellant's acts of domestic violence and failure to follow through with counseling, lack of significant relationship with the child, failure to meet his child support obligations, and behavior reflecting that he has never made the child a priority in his life. *See In re N.J.*, 125 Nev. at 843, 221 P.3d at 1261 ("In determining what is in a child's best interest, the district court must consider the child's continuing need for 'proper, physical, mental and emotional growth and development.'" (quoting NRS 128.005(2)(c))). The court further found that the child was close with his half-siblings, with whom he had been living. We conclude that the district court relied on appropriate considerations and that substantial evidence

---

[1]Because only one ground of parental fault is required to support the termination of parental rights, *see* NRS 128.105(1)(b) (requiring a finding of at least one ground of parental fault), it is unnecessary for us to review the district court's other findings of parental fault, and we express no opinion as to the other parental fault grounds.

SUPREME COURT
OF
NEVADA

(O) 1947A

3

supports the district court's finding that the child's best interest was served by termination of appellant's parental rights. For the reasons set forth above, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:    Hon. Leon Aberasturi, District Judge
Aaron M. Bushur
Barber Law Group, Inc.
Third District Court Clerk